87 F.3d 1320
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bobby Joe JOYCE, Timothy E. Smith, and Thomas O'Halloran,
Plaintiffs-Appellants,
v.
CITY AND COUNTY OF SAN FRANCISCO, Defendant-Appellee.
 No. 95-16940.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 12.*
Decided June 14, 1996.
 
 Before: GOODWIN, PREGERSON, and KOZINSKI, Circuit Judges.
 
 ORDER
 
 1
 We have reviewed the record, the letter briefs filed with this court on May 23, 1996, as well as the documents filed with this court on May 28, 1996. We conclude that this appeal is moot.
 
 
 2
 * The record before this court shows that the Matrix program ("Matrix") has been eliminated. On February 22, 1996, the Mayor of San Francisco, Willie L. Brown, Jr., called upon the city's Chief of Police, Fred H. Lau, to suspend Matrix enforcement. On April 15, 1996, Chief Lau issued a memorandum announcing that "law enforcement efforts directed specifically at quality of life offenses under the auspices of Matrix have officially ended." This memorandum followed a April 3, 1996 police department bulletin affirming the rights of the homeless. On April 16, 1996, a judge of the San Francisco Municipal Court dismissed all citations and recalled all warrants issued under Matrix.
 
 II
 
 3
 We do not have "jurisdiction to hear a case that cannot affect the litigants' rights." Native Village of Noatak v. Blatchford, 38 F.3d 1505, 1509 (9th Cir.1994). This is true especially where a defendant has ceased conduct that affects the plaintiffs' rights. Nevertheless, even if a defendant has ceased an allegedly illegal practice, we may review the practice if it constitutes "a wrong 'capable of repetition yet evading review,' or where the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time." Id.
 
 
 4
 A. Capable of Repetition Yet Evading Review.
 
 
 5
 Matrix is not capable of repetition yet evading review. The program itself has officially ended. We find persuasive the documents submitted by the city which indicate a sea change in San Francisco's policy towards the homeless. This policy shift has resulted in substantive changes, including the municipal court's dismissal of all citations and warrants issued under the Matrix program and official reaffirmation of the rights of the homeless. If, in the future, San Francisco reintroduces a Matrix-like policy, then the homeless and their advocates may challenge that policy at that time. At the present time, however, Matrix has been eliminated and its future resurrection is a "theoretical possibility" that a federal court is not authorized to address. Native Village of Noatak, 38 F.3d at 1510.
 
 
 6
 Nor is this the type of injury that is "of limited duration, too short to be litigated fully prior to its cessation or expiration." Local 186, Int'l Bhd. of Teamsters v. Brock, 812 F.2d 1235, 1239 (9th Cir.1987); see Native Village of Noatak, 38 F.3d at 1510. It took a change in city administrations to eliminate Matrix. Plaintiffs had ample time to challenge Matrix while it was alive. If Matrix (or a similar policy) is reintroduced, the duration of the new policy would not be so brief that it evades judicial review.
 
 
 7
 B. Voluntary Cessation.
 
 
 8
 As we explained in Native Village of Noatak, we will not consider a case moot "if the defendant voluntarily ceases the allegedly improper behavior in response to a suit, but is free to return to it at any time." 38 F.3d at 1510. Here, there is no "reasonable expectation" that San Francisco will resume the Matrix program in the future. Id. The reasons for San Francisco's change in policy are related to the change in city administrations and there is no reason to suspect that the cessation of Matrix was a response to this suit. This is especially true given that the city prevailed in district court. Given the sea change in official policy towards the homeless, we believe it is highly unlikely that Matrix will be resumed if we dismiss this litigation.
 
 III
 
 9
 For the foregoing reasons, we conclude that this appeal is MOOT. We therefore DISMISS this case and VACATE the district court order below.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4